IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SAUNDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV04-HS-3196-S |
| ) | |
| MR. JAMES DELOACH, Warden, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF OPINION

Michael Saunder, a convicted prisoner in the custody of the Alabama Department of Corrections, has filed a *pro se* complaint in this Court. Plaintiff's "Complaint" (Doc.2, at 1) is styled in memorandum form and is directed "To: Mr. James Deloach, Warden [of Draper Correctional Facility.]" In the body of the complaint, plaintiff claims that Corrections Officer Richardson did not allow him to attend Ramadan services in a timely manner. *Id.* Plaintiff contends Richardson's behavior violated several provisions of Administrative Regulation #207. *Id.* at 2 & 7. For relief, plaintiff requests that Administrative Regulation #208 be implemented, Richardson be formally reprimanded and suspended without pay for 90 days, assigned to the tower for 90 days, and directed to give a formal apology to plaintiff. *Id.* at 7.

In the certificate of service attached to the complaint, plaintiff attests that he sent copies of the complaint to the following "parties[1]:" Warden James Deloach, who is located in Elmore, Alabama; Commissioner Donal Campbell, the Alabama Personnel Department, Governor Bob Riley,

---

[1] Plaintiff also improperly names the Hugo L. Black Courthouse as a potential party.

and Ms. Sharon E. Ormsby, care of the Federal Bureau of Investigation, all of whom are located in Montgomery, Alabama. *Id.* at 7-8.

## DISCUSSION

District courts are to construe claims made by pro-se plaintiffs in a liberal fashion. Applying such a standard of review in this case, plaintiff's complaint reveals a claim against a defendant that is grounded in the First Amendment to the United States Constitution. As a remedy for said constitutional claim, plaintiff requests injunctive relief. Said claim and the requested relief implicate a civil rights action pursuant to 42 U.S.C. § 1983. Thus, plaintiff's complaint shall be construed as a civil rights complaint.

Since plaintiff's complaint is a civil rights action, venue is not proper in the Northern District of Alabama. Proper venue for civil rights actions is governed by 28 U.S.C. §1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Draper Correctional Facility in Elmore County, Alabama. Further, defendant Deloach and Officer Richardson are also at Draper Correctional Facility, and all remaining "parties" are located in Montgomery County, Alabama. All actions giving rise to this complaint occurred in Elmore County, Alabama. Elmore and Montgomery counties are within the purview of the United States District Court for the Middle District of Alabama. Therefore, because the

defendant, Officer Richardson, and all "parties" are located in the Middle District, and the incident which gave rise to plaintiff's complaint occurred in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for plaintiff's civil rights action. 28 U.S.C. §1391(b).

For the above reasons, transfer of plaintiff's civil rights action to the Middle District of Alabama would result in a more convenient and efficient resolution of the issues presented by plaintiff. 28 U.S.C. §1404(a). Therefore, this action is due to be TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §1404(a).[2]

An appropriate Order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on plaintiff.

DATED this the 18th day of November, 2004.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] The Court notes that plaintiff has failed to file an application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. §1915 and under the circumstances of this case, this Court makes no determination with respect to any deficiencies in plaintiff's complaint as to whether the assessment and collection of a filing fee should be undertaken by the United States District Court for the Middle District of Alabama.